IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01187-WYD-KLM

DONALD J. ROSS,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,
a Delaware corporation,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Amend Complaint** [#23][1] (the "Motion"). Defendant filed a Response [#28] in opposition to the Motion [#23], and Plaintiff filed a Reply [#29]. Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.L.CivR 72.19(c), the Motion has been referred to the undersigned for a recommendation regarding disposition.[2] The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court

---

[1] "[#23]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-cv-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). Therefore, for the purposes of the present motion, the Court assumes that the issue is dispositive and requires a recommendation.

respectfully **RECOMMENDS** that the Motion [#23] be **DENIED**.

**I. Background**

Plaintiff filed this civil action on May 15, 2018, asserting one claim of negligence pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 56. *Compl.* [#1] ¶ 6. The Complaint alleges that Plaintiff was employed by Defendant as a remote control foreman at "Job #YDV72R at the Washington Park Interchange" in Denver, Colorado. *Id.* ¶ 6. In this position, Plaintiff used a "brake stick" to apply or release hand brakes on rail cars. *Id.* ¶ 7; *see also Motion* [#23] at 2. Plaintiff alleges that while he was attempting to apply a hand brake, the brake stick's unlocking mechanism suddenly released and unlocked, causing him severe, permanent, and disabling injuries primarily to his shoulder. *Compl.* ¶ 7, 9.

On August 14, 2018, the Court entered the Scheduling Order in this case which set September 28, 2018 as the deadline for the amendment of pleadings. [#14] at 6. On November 30, 2018, Plaintiff filed the instant Motion in which he seeks to file an Amended Complaint that adds a new claim pursuant to the Federal Safety Appliance Act ("SAA"), 49 U.S.C. § 20302. [#23] at 1. Specifically, Plaintiff asserts that his injuries were the result of Defendant's violation of the SAA which gives rise to a "strict liability/negligence per se cause of action under the FELA." *Proposed Am. Compl.* [#23-1] ¶¶ 13-14. As the basis for this additional claim, Plaintiff states that the SAA requires all rail cars to be equipped with "efficient hand brakes" and that, because "the brake stick is properly considered part of the hand brake, . . . any defect or deficiency in the brake stick could render the hand brake 'inefficient,' in violation of the SAA." *Motion* [#23] at 4. Plaintiff explains that this

claim is supported by the Ninth Circuit Court of Appeals decision in *S. Pac. Co. v. Carson*, 169 F.2d 734 (9th Cir. 1948), which stands for the proposition that the brake stick is "effectively a part of the hand brake, and therefore subject to the provisions of the SAA." *Id.* at 6-7.

Although not explained in the Motion, Plaintiff discloses in his Reply [#29] that the impetus for bringing the SAA claim arose from Plaintiff's counsel learning a new fact in Plaintiff's deposition preparation and subsequent discovery of the *Carson* decision. *See* [#29] at 2-3. As explained in the Reply, Plaintiff's counsel learned for the first time in preparing for Plaintiff's November 6, 2018 deposition that Plaintiff had been instructed by several managers that the use of the brake stick was required in applying or releasing handbrakes. *Id.* at 2. After learning this new fact, Plaintiff's counsel conducted research to determine whether the mandatory brake stick could be deemed part of the hand brake and therefore subject to the SAA. *Id.*; *see also Pl.'s Ex. 2, Affidavit of James K. Vucinovich* [#29-2] at 2-3. In conducting this research, Plaintiff's counsel discovered the *Carson* decision and concluded that the additional claim pursuant to the SAA applied. *Id.*

## II. Analysis

As a preliminary matter, the deadline for the amendment of pleadings was September 28, 2018. *Scheduling Order* [#14] at 6. Plaintiff filed the Motion [#23] on November 30, 2018. Therefore, the Motion is untimely. Because Plaintiff filed his Motion after the deadline for amending the pleadings, the Court must start its analysis with Rule 16(b)(4).[3] *See Ayon v. Kent Denver Sch.*, No. 12-cv-2546-WJM-CBS, 2014 WL 85287, at

---

[3] Unless otherwise noted, "Rule 16(b)(4)" and all similar citations refer to the Federal Rules of Civil Procedure.

*2 (D. Colo. Jan. 9, 2014) (noting that where a party seeks to amend his pleadings after the deadline established in the scheduling order, "the majority of courts have held that a party must meet the two-part test of first showing good cause to amend the scheduling order under Rule 16(b), and then showing that amendment would be allowed under Rule 15(a)"); *cf. Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) (holding that the trial court did not abuse its discretion by using "Rule 16's good cause requirement as the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed"). Plaintiff is entitled to amend his complaint only if he makes the requisite showing at each step of the analysis. The two-step analysis is explained as follows:

> Rule 16(b)[(4)]'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, the Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997). If Plaintiff fails to show good cause under Rule 16(b)(4), there is no need for the Court to move on to the second step of the analysis, i.e., whether Plaintiff has satisfied the requirements of Rule 15(a). *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011).

**A.      Rule 16: Good Cause to Modify the Pleading Amendment Deadline**

A scheduling order deadline, such as the pleading amendment deadline, "may be modified only for good cause with the judge's consent." Fed. R. Civ. P. 16(b)(4). This "good cause" requirement reflects the important role a scheduling order plays in the court's management of its docket. *Cf. Washington v. Arapahoe Cty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) ("[a] scheduling order is an important tool necessary for the orderly preparation of a case for trial").

As noted above, to demonstrate good cause pursuant to Rule 16, the moving party must "show that it [was] diligent in attempting to meet the [pleading amendment] deadline, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Rule 16(b) does not focus on the bad faith of the movant or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting *Dilmar Oil Co.*, 986 F. Supp. at 980, *aff'd*, 129 F.3d 116 (4th Cir. 1997)). "While rigid adherence to the pretrial scheduling order is not advisable," *see SIL-FLO, Inc., v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), this Court finds that compliance with the pleading amendment deadline is particularly important because of the capacity of an amendment to change the complexion of the case.

Here, Plaintiff filed his Motion on November 30, 2018, two months after the expiration of the pleading amendment deadline established in the Scheduling Order. [#14] at 6. In the Motion, Plaintiff asserts that good cause exists pursuant to Rule 16 because, unlike cases where good cause was found lacking, Plaintiff is not shifting theories of liability at the last minute to avoid the loss of his claim and has not delayed substantially in filing

the Motion. *Id.* at 8-10. Plaintiff notes that "this is not a case where [he] delayed filing his [M]otion or where the proposed amendment is served at the end or past the discovery deadline and dispositive motion deadline." *Id.* at 9. Plaintiff argues that this case is akin to *Bylin v. Billings*, 568 F.3d 1224 (10th Cir. 2009), where a motion to amend the answer was granted after the moving party discovered a Wyoming Supreme Court decision that supported an affirmative defense not asserted in the original answer. *Id.* at 9-10. While Plaintiff acknowledges that Rule 16 was not at issue in *Bylin*, he contends that "the Tenth Circuit recognized that there was a 'rough similarity between the undue delay standard of Rule 15 and the good cause standard of Rule 16' [and that] 'Rule 16 was not intended to function as an inflexible straightjacket on the conduct of litigation.'" *Id.* at 10 (quoting *Bylin v. Billings*, 568 F.3d at 1231, 1232 (internal quotation omitted)).

In its Response, Defendant contends that Plaintiff has not met the good cause standard of Rule 16. *Response* [#28] at 1.[4] Specifically, Defendant contends that Plaintiff fails to satisfy Rule 16's good cause requirement because "it is not based on any new facts learned through discovery or any recent change" in the law. *Id.* at 2. Rather, Defendant argues, the Motion is based on "Plaintiff's recent discovery of an outdated and factually distinguishable case[,]" *id.*, and that "Plaintiff has not established good cause as he readily admits that the delay in seeking the amendment is the result of his failure earlier to timely

---

[4] Defendant also argues that Plaintiff's Motion [#28] fails to apply the proper standard under which a party may seek leave to amend his complaint after the deadline to amend pleadings. *Response* [#28] at 2. This is because the Motion incorrectly states that "the Tenth Circuit has not specifically held that [Rule] 16 applies to a postdeadline amendment to a complaint[.]" *Motion* [#23] at 8. Nevertheless, Plaintiff does argue in the Motion that good cause exists to permit the amendment and acknowledges in his Reply [#29] the Tenth Circuit's decision in *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230 (10th Cir. 2014), which adopted the requirement that a party must satisfy Rule 16 when seeking leave to amend after the deadline. *See id.* at 8-10; *Reply* [#29] at 2 n.1.

research the applicability of the [SAA]." *Id.* at 3. Thus, according to Defendant, the Motion should be denied for the same reasons the motion to amend in *Colorado Visionary Academy* was denied. *Id.* at 3-4. Namely, because "Plaintiff (1) admits to not performing the necessary research earlier in the case; (2) does not assert that any new facts developed during discovery resulted in the need to amend; and (3) based his Motion not on recent developments in the law but on seventy-year-old case law that is not controlling." *Id.* at 4. Finally, Defendant argues that Plaintiff bases his new SAA claim on the same underlying conduct in support of his original FELA claim, which provides additional grounds for denying the motion under Rule 16 because Plaintiff knew of the underlying conduct but simply failed to raise the SAA claim. *Id.* The Court agrees.

To satisfy Rule 16, Plaintiff must show that he was diligent in attempting to meet the pleading deadline, and provide an adequate explanation for any delay. *Minter*, 451 F.3d at 1205 n.4. Diligence can be shown through discovery of a new fact, or a change in the underlying case law. *Gorsuch*, 771 F.3d at 1240. However, if a party knew about "the underlying conduct but simply failed to raise tort claims, [ ] the claims are barred." *Id.* Additionally, reliance on "long-held assertions" and failure to conduct "the research necessary" to recognize the applicability of a claim or defense does not demonstrate diligence. *Colo. Visionary Acad.*, 194 F.R.D. at 688. Here, Plaintiff has failed to show diligence through discovery of a new fact or a change in the underlying case law, and relies on long-held assertions in his legal theory that could have been discovered with earlier research. *Gorsuch*, 771 F.3d at 1240; *Colo. Visionary Acad.*, 194 F.R.D. at 688.

Plaintiff's diligence arguments are based on discovering a new fact in preparation for Plaintiff's own deposition. *Reply* [#29] at 2. Plaintiff contends that it was during this

preparation that Plaintiff's counsel learned that use of the brake stick was required which, in turn, led to the discovery that a claim pursuant to the SAA might apply. *Id.* While Plaintiff asserts that there was "no reason for Plaintiff to be engaged in any legal research of this type at that point in the case," *id.* at 3, the additional fact that Plaintiff discovered after the amendment deadline directly relates to his initial Complaint and theory of Defendant's liability. *See Reply* [#29] at 2; *Compl.* [#1] ¶¶ 5-11. In some cases, a party may satisfy Rule 16's good cause requirement if he learns new information in the course of discovery after the amendment of pleadings deadline has passed. *See, e.g., Pumpco, Inc.*, 204 F.R.D. at 668-69 ("[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline"); *Colo. Visionary Acad.*, 194 F.R.D. at 687-88. However, "[w]here the party seeking amendment knows or *should have known* of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distrib., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) (emphasis added).

Here, Plaintiff admits that "[t]he facts of this case are, and always have been, that the brake stick did not function properly . . . ." *Reply* [#29] at 3. Plaintiff knew his case concerned facts related to his use of the brake stick five months before the scheduling deadline, as alleged in his Complaint. *See* [#1] ¶ 7. This "new fact" regarding the mandatory use of the brake stick was not learned from Defendant through discovery and Plaintiff provides no excuse for why this fact could not have been disclosed to his counsel prior to the amendment deadline. *Minter*, 451 F.3d at 1205 n.4. "Carelessness is not

compatible with a finding of diligence and offers no reason for a grant of relief." *Dilmar Oil Co.*, 986 F. Supp. at 980. The "new fact" that Plaintiff allegedly discovered stemmed from the same conduct that injured Plaintiff in the first place and came from Plaintiff's own deposition preparations. *Id.* Plaintiff's counsel acted less than carefully in failing to elicit a fact from his own client that was directly related to his central claim in the Complaint [#1]. Based on this evidence, the Court finds that Plaintiff "kn[ew] or should have known of the facts upon which the proposed amendment is based" and the Motion is subject to denial on this basis alone. *State Distrib., Inc.*, 738 F.2d at 416; *see also Valles v. Gen-X Echo B, Inc.*, No. 13-cv-00201-RM-KLM, 2013 WL 5832782, at *4-5 (D. Colo. Sept. 27, 2013).

Additionally, Plaintiff asserts no change in the underlying law to support good cause. *Gorsuch*, 771 F.3d at 1240. The sole case Plaintiff now relies on is over seventy years old. *See Carson*, 169 F.2d at 734. Further, the SAA was amended to require hand brakes over one hundred years ago, in 1910.[5] Plaintiff advances a legal theory of negligence in his initial compliant, and now seeks to add a second claim based on the same allegedly negligent conduct. *Compl.* ¶¶ 5-9; *Motion* [#23] at 4. By Plaintiff's own admission, the legal theories he now attempts to assert have not "shifted" from his initial Complaint [#1]. *Motion* [#23] at 8. Plaintiff's assertions of negligence with respect to the use of the brake stick in this case have been consistent and "long-held" from the start of the litigation. *Colo. Visionary Acad.*, 194 F.R.D. at 688; *Compl.* [#1] ¶ 7. Given Plaintiff's knowledge of the factual circumstances regarding the brake stick and the legal theories involved in this case well in advance of the amendment deadline, the Court finds the proposed amendment

---

[5] *See* Safety Appliance Act, ch. 160, 36 Stat. 298 (1910) (codified as amended at 49 U.S.C. § 20302).

should have and could have been brought, with the exercise of diligence, at or before the expiration of the pleading amendment deadline. In short, Plaintiff's arguments fail to negate the pleading amendment deadline's requirement that the parties conduct discovery efficiently and promptly in order to timely comply. *See Granite Southlands Town Cntr. v. Alberta Town Cntr., LLC*, No. 09-cv-00799-ZLW-KLM, 2010 2635524, at *2 (D. Colo. June 8, 2010), *adopted by* 2010 WL 2635527 (June 28, 2010).

Finally, the Court finds that Plaintiff's reliance on other cases to demonstrate good cause is unavailing. As an initial matter, the Court agrees with Defendant that Plaintiff's reliance on *Bylin* is misplaced. As Plaintiff himself acknowledges, the parties in *Bylin* did not raise the issue of Rule 16 at the trial court level and thus, the Tenth Circuit did not analyze that standard in its decision. *See* 568 F.3d at 1231 ("[B]ecause the Bylins did not make the Rule 16 argument to the district court, we do not consider it."). While *Bylin* alludes to a "rough similarity" between Rules 15 and 16, that decision in no way combines the two standards, or replaces Rule 16's standard with Rule 15's. *See id.* at 1231-32. Here, Plaintiff blurs the line between the two standards as many of his arguments for good cause are couched in Rule 15 terms of undue delay and undue prejudice. *Motion* [#23] at 9; *see Bylin*, 568 F.3d at 1229 (In the context of Rule 15, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive . . . ."). Rule 16' s good cause standard, however, "is much different than the more lenient standard contained in Rule 15(a)." *Colo. Visionary Acad.*, 194 F.R.D. at 687; *see Bylin*, 568 F.3d at 1231 (noting that Rule 16's good cause standard is "an arguably more stringent standard than the standards for amending a pleading under Rule 15"). Thus, the Court finds that *Bylin* fails to support Plaintiff's

argument for good cause to modify the Scheduling Order.

The other cases cited by Plaintiff provide instances where good cause was not found based, in part, on the lateness of when the motion for leave to amend was filed. *Motion* [#23] at 9; *see, e.g.*, *Bradnt v. City of Westminster*, No. 16-cv-01356-WJM-CBS, 2017 WL 8894645, at *5-6 (D. Colo. May, 2017) (finding no good cause to amend where a party moved to add a defendant and assert a new claim only two weeks prior to the close of discovery and five months after obtaining the new information); *Fernandes v. TW Telecom Holdings, Inc.*, No. 2:13-cv-2221-GEB-CKD, 2015 WL 1874872, at *3 (E.D. Cal. Apr. 23, 2015) (finding a several month gap between the plaintiff's receipt of the new information and his filing of the motion to amend the scheduling order did not demonstrate sufficient diligence for good cause to amend the scheduling order under Rule 16); *Carbajal v. St. Anthony Cent. Hosp.*, No. 12-cv-02257-REB-KLM, 2015 WL 1499864, at *3 (D. Colo. Mar. 27, 2015) (finding that a plaintiff who filed a motion to amend ten months after the expiration of the pleading deadline did not otherwise demonstrate diligence for good cause). Plaintiff argues that good cause exists here because, unlike those cases, he did not substantially delay in filing his Motion after learning the new fact and discovering the applicability of the SAA. [#23] at 9. The Court also finds this authority to be unpersuasive. While the cases Plaintiff cites do provide instances where the delay in filing a motion to amend evidenced a lack of diligence, the good cause requirement is not satisfied simply by the prompt filing of an amendment alone. Rather, the good cause standard requires the Court to determine if there is an *adequate explanation* for any delay. *Minter*, 451 F.3d at 1205 n.4 (emphasis added). Therefore, even though Plaintiff promptly filed the Motion after his counsel learned of the brake stick requirement, this does not excuse the lack of

diligence inherent in the five-month gap between the filing of this lawsuit and the "discovery" of the alleged new fact. As stated above, the pleading amendment deadline does require that parties conduct discovery efficiently and promptly in order to timely comply. Had Plaintiff been diligent with the facts and claims available to him prior to the expiration of the pleading amendment deadline, the Motion [#23] would not be necessary. *See Carbajal*, 2015 WL 1499864 at *4. Therefore, Plaintiff's explanation for his delay is inadequate to support good cause.

Plaintiff has failed to show that, with diligence, he could not have requested leave to amend his complaint on or before the pleading amendment deadline. Accordingly, the Court concludes that Plaintiff has not demonstrated that he was unable to meet the pleading amendment deadline despite the exercise of due diligence. Therefore, Plaintiff does not establish good cause for the modification of the Scheduling Order and does not satisfy the first step of the amendment analysis.

**B.     Rule 15: Leave to Amend the Complaint**

Because Plaintiff has not shown good cause for seeking leave to amend his complaint after the expiration of the pleading deadline, the Motion is subject to denial on this basis alone. *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)(4)); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.' Prejudice to the opposing party need not be shown also."); *cf. Minter*, 451 F.3d at 1205 (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness may). Accordingly, the Court

does not analyze the Motion under the standard set forth in Fed. R. Civ. P. 15(a). *Nicastle*, 2011 WL 1465586, at *3 ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15."); *see also Schneider v. City of Grand Junction, Colo.*, No. 10-cv-01719-MSK-KLM, slip op. (D. Colo. Apr. 25, 2011) [Docket No. 77], *adopted by* slip op. (July 12, 2011) [Docket No. 87] (reviewing untimely motion to amend only as to good cause standard pursuant to Fed. R. Civ. P. 16(b)(4)).

### III. Conclusion

For the reasons set forth above, the Court **RECOMMENDS** that the Motion [#23] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 15, 2019

BY THE COURT:

*signature*

Kristen L. Mix
United States Magistrate Judge